**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

SIMP McCORVEY III,

Plaintiff,

vs. CASE NO. 5:07cv287/RS/MD

MICHAEL W. WYNNE, Secretary,
Department of the Air Force,

Defendant.
_______________________________________/

**ORDER**

Before me are Federal Defendant's Motion for Summary Judgment (Doc. 25) and Plaintiff's Response to Defendant's Motion for Summary Judgment and Memorandum of Law in Opposition Thereto. (Doc. 31).

Plaintiff's Second Amended Complaint (Doc. 13) alleges two counts: racial discrimination and retaliation.

## I. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the

nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. COUNT 1 – RACIAL DISCRIMINATION

The elements of a claim of racial discrimination are: (1) Plaintiff belongs to a protected class; (2) Plaintiff was qualified to do the job; (3) Plaintiff was subjected to adverse employment action; and (4) Defendant treated similarly situated employees outside Plaintiff's class more favorably. *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003). Both parties agree that Plaintiff is African-American. Defendant does not allege Plaintiff was unqualified to do the job. Plaintiff received a 30-day suspension without pay due

to improper use of a government vehicle. Plaintiff admits to improperly using the government vehicle. However, Plaintiff argues that numerous other employees have improperly used the government vehicle without receiving a 30-day suspension, but his race was the reason he was the only employee to receive a suspension. Because there are factual disputes, summary judgment is not appropriate.

## III. COUNT 2 – RETALIATION

Both parties agree that the elements to prevail on a claim of retaliation are: (1) that Plaintiff engaged in statutorily protected expression; (2) Plaintiff suffered an adverse employment action; and (3) there is a casual connection between the two events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (*citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2410-16, 165 L.Ed.2d 345 (2006)). Both parties agree that Plaintiff engaged in statutorily protect expression when he participated in EEO activity and that Plaintiff received a 30-day suspension without pay. The parties disagree as to when Plaintiff's supervisor knew about Plaintiff's EEO activity. Defendant argues that Plaintiff's supervisor did not know about Plaintiff's EEO activity so the adverse action could not be causally connected; Plaintiff disagrees. There is

clearly a factual dispute whether the adverse employment action was casually related to his protected activity. Therefore, summary judgment is not appropriate.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 25) is **DENIED**.

**ORDERED** on December 16, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**