UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SIMP McCORVEY III,

    Plaintiff,

vs.                                  CASE NO. 5:07cv287/RS/MD

MICHAEL W. WYNNE, Secretary,
Department of the Air Force,

    Defendant.
_____/

## **ORDER**

Before me are Plaintiff's Motion for Equitable Relief (Doc. 69) and Defendant's Response to the Plaintiff's Motion for Equitable Relief (Doc. 72).

Plaintiff requests the following equitable relief: removal of suspension from his employment record; two years pre-judgment interest on the judgment of $4,082; reinstatement 200 hours of leave; all attorneys fees and costs; reimbursement for air travel from Anchorage, AK to Panama City, FL; reimbursement for six nights of hotel costs at $69 per night; reimbursement for seven days of rental car costs at $50 per day; and reimbursement for airport parking and taxi of $100.  Defendant opposes.

If the court finds that an employer has intentionally engaged in an unlawful employment practice, the court may order equitable relief as the court deems appropriate. 42 U.S.C. § 2000e-5(g)(1) (1994). This means that a court must find that the defendant meant to do what he did, that is, his employment practice was not accidental. *In re Employment Discrimination Litigation Against State of Ala.*, 198 F.3d 1305, 1316 (11th Cir. 1999). Then, the district court has discretion to determine the appropriate remedy. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 302, 122 S. Ct. 754 (2002); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-416, 95 S. Ct. 2362 (1975).

The jury found that Plaintiff suffered an adverse employment action by the Defendant and it was causally related to the Plaintiff's statutorily protected activity. (Doc. 58). I find that Defendant has intentionally engaged in an unlawful employment practice. The equitable relief requested will be addressed in turn.

In order to expunge the personnel file of a successful plaintiff, a plaintiff must specify the documents to be expunged and they must be related to the illegal discrimination. *Herawi v. State of Ala. Dept. of Forensic Sciences*, 330 F.Supp 2d 1305, 1309 (M.D. Ala. 2004). Here, Plaintiff requests the removal of the suspension from his employment record. The suspension was the adverse employment action suffered by Plaintiff by the Defendant at issue during trial.

Therefore, removal of Plaintiff's suspension from his employment record is an appropriate equitable remedy. *See Hudson v. Chertoff*, 484 F.Supp 2d 1268 (S.D. Fla. 2007).

The Eleventh Circuit has found that the decision to award prejudgment interest in a Title VII back pay case lies within the discretion of the district court. *E.E.O.C. v. Guardian Pools, Inc*., 828 F.2d 1507, 1512 (11th Cir. 1987). In determining whether to award prejudgment interest, courts take into account both the failure to mitigate damages and whether the back pay amount is easily ascertainable. *Tucker v. Housing Authority of Birmingham Dist*., 507 F.Supp 2d 1240, 1284 (N.D. Ala. 2006). Here, there is no evidence that Plaintiff failed to mitigate and the parties stipulated to the amount Plaintiff lost from his suspension. Therefore, two years pre-judgment interest on the judgment of $4,082 is an appropriate equitable remedy. The interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961. *McKelvy v. Metal Container Corp.,* 854 F.2d 448, 454 (11th Cir. 1988). Before officially awarding prejudgment interest, the parties shall submit, preferably by agreement, a proposed calculation of prejudgment interest based upon the average IRS prime rate during the relevant time period.

A motion for attorney's fees must meet specific requirements outlined in the local rules.  This motion fails to comply with the N.D. Fla. Loc. R. 54.1(D).  Plaintiff filed a separate Motion for Attorney Fees (Doc. 68) and the response is due March 10, 2009.  Therefore, determination on attorney's fees and costs is deferred.

Plaintiff further requests reinstatement of 200 hours of leave without providing an explanation.  This request is denied.  Plaintiff requests reimbursement for two tickets of air travel from Anchorage, AK to Panama City, FL.  Plaintiff attended the pretrial conference by phone, so the request for reimbursement for two tickets is inappropriate and denied.  Plaintiff's remaining requests include reimbursement for six nights of hotel costs at $69 per night; reimbursement for seven days of rental car costs at $50 per day; and reimbursement for airport parking and taxi of $100.  These expenses are ordinary expenses of litigation and not appropriate equitable relief.  These expenses are denied.

**IT IS ORDERED:**

1. Plaintiff's Motion for Equitable Relief (Doc. 69) is GRANTED IN PART, DENIED IN PART.

2. Plaintiff's Motion for Equitable Relief (Doc. 69) is granted as to the removal of the suspension from his employment record and two years pre-judgment interest on the judgment of $4,082.

    a. Defendant shall remove Plaintiff's suspension from his employment record.

    b. Plaintiff is awarded pre-judgment interest on the judgment. Parties shall submit, preferably by agreement, a proposed calculation of prejudgment interest based upon the average IRS prime rate during the relevant time period not later than March 19, 2009.

3. Plaintiff's Motion for Equitable Relief (Doc. 69) is denied as to the reinstatement 200 hours of leave; reimbursement for air travel from Anchorage, AK to Panama City, FL; reimbursement for six nights of hotel costs at $69 per night; reimbursement for seven days of rental car costs at $50 per day; and reimbursement for airport parking and taxi of $100.

4. Plaintiff's Motion for Equitable Relief (Doc. 69) is deferred as to all attorney's fees and costs.

**ORDERED** on March 5, 2009.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**